## Gilbert v. Gingles, Administrator.

(Decided January 13, 1925.)

### Appeal from Calloway Circuit Court.

1. Contracts—Where Issues were Decedent's Mental Capacity, Fraud, and Undue Influence, Plaintiff was Entitled to Recover, if at all, According to Terms of Contract.—In an action on written agreement of one deceased to give plaintiff certain property in consideration of services rendered, where issues were decedent's mental capacity, fraud, and undue influence, plaintiff, if entitled to recover at all, was entitled to recover according to terms of contract.

2. Trial—Where Consideration of Value was Admitted, it was Improper to Instruct that Jury Must Find that Contract was Based on Reasonable Consideration as Condition Precedent to Recovery.—Where it was admitted that services of value were rendered in consideration of contract sued on, and sole issues were fraud, undue influence, and mental capacity of decedent, it was error to instruct that, to warrant recovery by plaintiff, jury must find that agreement was based on reasonable consideration.

M. E. GILBERT and COLEMAN & LANCASTER for appellant.

SPEIGHT & CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

On September 2, 1922, Mrs. Mary M. Graham, widow, executed the following writing:

"For and in consideration of services rendered to me by Walter Gilbert since the death of my husband, John Graham, I hereby promise the said Gilbert my pony and buggy and seventy-five dollars he now owes me and five hundred dollars to be paid out of my estate before any distribution shall be made under a will heretofore made by me.

"MARY M. GRAHAM."

After the death of Mrs. Graham her administrator declined to comply with the terms of the instrument, and this suit was commenced by appellant W. F. Gilbert against Gingles as administrator of Mrs. Graham to enforce it.

The answer admitted the execution of the writing by Mrs. Graham but pleaded that the instrument was executed by her on the day of her death and that at the time she signed and delivered it she was an invalid and had been such for many weeks theretofore and that she did not have mind enough to know the contents of the writing or its effect, and that she signed same at a time when she was mentally incapable of making a contract or of knowing her rights thereunder, all of which was well known to appellant Gilbert; and that Gilbert with knowledge of her incapacitated condition and weakness of mind and will, fraudulently persuaded and induced her to sign the writing and to deliver it to him. The answer also contained a counterclaim on the $75.00 note at that time owing by Gilbert to the estate of Mrs. Graham. When

the issues were made up a jury trial was had resulting in the following verdict:

"We, the jury, find for the plaintiff one pony and buggy, and the cancellation of the $75.00 note."

The issue was as to whether Mrs. Graham at the time of the making of the writing, which is the basis of the action, had sufficient mental capacity to enter into such a contract and if she did, whether appellant Gilbert, through fraud, induced her to sign and deliver the contract at a time when she would not have done so except for the exertion of undue influence. Appellant Gilbert was therefore entitled to a verdict in his favor for the pony and cart, and the cancellation of the seventy-five ($75.00) dollar note, and for $500.00, if Mrs. Graham was of sound mind at the time of the execution of the writing, and was not induced to make it through fraud or other improper influence on the part of appellant Gilbert or some other person acting for or on his behalf.

The instructions given by the court to the jury were erroneous in several particulars. The first one directed the jury to find for Gilbert the pony and buggy described in the paper, and also the cancellation of the $75.00 note, and the sum of $500.00, provided the jury believed from the evidence that Mrs. Graham signed said paper and that "at the time she did so she had mental capacity sufficient to know the contents of said paper and the effect of same, and knew and understood what she was doing, provided you believe from the evidence that the said paper was based upon a *reasonable consideration*."

The court should have directed the jury to find for Gilbert the pony and buggy, the cancellation of the $75.00 note, and $500.00, unless it believed from the evidence that Mrs. Graham was not of sound mind at the time she signed and delivered the writing sued on, or was fraudulently induced to execute the paper. There is no controversy in the evidence but that Gilbert performed certain services for Mrs. Graham before her death, and for which she was indebted to him at the time of the making of the writing. The value of those services is in dispute. They were of value, however. No doubt when she gave him the writing she expected to live longer than that day, for she was going about, and died while out on the porch. Appellant Gilbert had been waiting on her during her sickness and had sat up with her at night for about two or three weeks next before her death. Had she lingered

for many more weeks no doubt appellant Gilbert would have been obliged, according to the contract, to look after and wait upon Mrs. Graham. At any rate the jury had no right, after it concluded that Mrs. Graham was of sound mind, as evidently it did, and further found she was not unduly influenced to execute the writing, to make a new contract for the parties, giving to appellant Gilbert merely the pony and buggy and his $75.00 note, and striking from the writing the agreement to pay $500.00.

Appellant was entitled to recover the whole amount or was not entitled to recover upon the paper at all. Upon another trial the court will reform its instructions to meet these suggestions.

For the reasons indicated the judgment is reversed for new trial.